UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.   Case No. 8:10-cr-252-T-30TBM

VICTOR HUGO BRAVO-ARMENDRAIZ
_____/

**O R D E R**

This cause comes on for consideration of a letter from Defendant which the Court construes as a motion for reconsideration of sentence. (D-184.)

On October 13, 2010, Defendant pled guilty to conspiracy to possess with the intent to distribute cocaine, while being onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and to possessing with intent to distribute 5 kilograms of more of cocaine while on a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii). On February 25, 2011, the Government filed a motion for downward

departure based on Defendant's substantial assistance. (D-111.) On March 2, 2011, the Court sentenced Defendant to a term of imprisonment of 87 months.

On June 11, 2012, Defendant filed a motion seeking to compel the Court to rule on the Government's substantial assistance motion and reduce his sentence. By order dated June 20, 2012, the Court, in denying the motion, explained that it granted the Government's substantial assistance at the March 2, 2011 sentencing hearing and, as a result, awarded Defendant a two-level downward reduction at that time.

Defendant now returns to the Court seeking a lesser sentence. Defendant argues that he should have received a lesser sentence than his co-defendants. Defendant argues that co-defendant Cruz received the same sentence despite the fact that Defendant was the first to cooperate. He further argues that co-defendant Macias Lucas, who chose not to cooperate and was found guilty by a jury, ultimately received the same sentence.[1] Defendant

---

[1] The Court notes that co-defendant Macias Lucas was in fact sentenced to a term of imprisonment of 235 months.

seeks a sentence of incarceration of no more than 50 to 60 months.

Defendant fails to identify a jurisdictional basis under which he is proceeding. Defendant's motion is well beyond the 14-day time limitation for filing a motion under Rule 35(a), Fed.R.Cr.P. Further, 18 U.S.C. § 3582(c), which allows for modification in very limited circumstances, is not applicable under the current facts. As such, Defendant shall not demonstrated that he is entitled to the relief he seeks.

IT IS ORDERED that:

(1) Defendant's letter motion for reconsideration of sentence (D-184) is DENIED.

DONE AND ORDERED at Tampa, Florida this 5th day of September, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE